## EDGAR v FIRST-CENTRAL TRUST CO
### (2 Cases)

Ohio Appeals, 9th Dist, Summit Co

Nos 2934, 2935. Decided Jan 11, 1938

Beery, Underwood, Ryder and Kroeger, Akron, for Appellee.

Herbert S. Duffy, Atty. Gen., Columbus, and Waters, Andress, Wise, Roetzel and Maxon, Akron, for Appellants.

## OPINION

### PER CURIAM

The petition filed in the Court of Common Pleas in the above-captioned actions alleged the conversion by the National City Bank, of Akron, Ohio, of certain bearer bonds owned by James E. Edgar, the plaintiff—the aggregate value of which was $5,000.

The conversion is claimed to have occurred on July 3, 1928. Thereafter, on September 1, 1929, the National City Bank merged with the First Trust & Savings Bank, of Akron, Ohio, under an agreement whereby the entire assets of the National City Bank were transferred to said the First Trust & Savings Bank, which latter bank assumed the debts and liabilities of the National City Bank. The name of said merged banks was thereupon changed to the First-City Trust & Savings Bank.

Later, the First-City Trust & Savings Bank purchased the assets of the Central-Depositors Bank & Trust Co., whereupon the name of the former was changed to the First-Central Trust Co.

The alleged conversion of the bonds of plaintiff by the National City Bank was claimed to have been accomplished through its cashier, Gilbert R. Edgar, a son of the plaintiff. James E. Edgar, prior to July 3, 1928, had purchased the aforesaid bonds—his son, Gilbert R. Edgar, assisting in the selection and procurement of said bonds; all of which were paid for from funds belonging to the plaintiff.

After the purchase of the bonds, plaintiff left them at the National City Bank for safekeeping, calling at the bank on interest-paying periods and receiving the interest payable upon the bonds—the cashier of said bank, Gilbert R. Edgar, clipping the coupons from the bonds and paying to the father the amount thereof.

On the 3rd day of July, 1928, Gilbert R. Edgar, without the consent or knowledge of his father, pledged the bonds aforesaid as part of the collateral security for a $33,000 loan which he on that date procured from the National City Bank. It is claimed that the loan in question was not authorized by or brought to the attention of the discount committee of the bank, whose function it was to pass upon applications for loans, nor was said loan brought to the attention of any other officer of the bank.

The National City Bank continued to hold the bonds in question as collateral for the loan of $33,000 procured by Gilbert R. Edgar, from July 3, 1928, until September 1, 1929, when the merger between the National City Bank and the First Trust & Savings Bank was accomplished. Thereafter said bonds were held by the First Trust & Savings Bank and its successors. Later, however, $2,000 face value of said bonds were sold, the proceeds from said sale being applied upon the obligation of Gilbert R. Edgar. The remainder of said bonds are now in the possession of the liquidator of the First Central Trust Co.

Recovery was sought by the plaintiff for the market value of said bonds as of the date of the alleged conversion—namely, July 3, 1928.

To the amended petition of the plaintiff the defendant superintendent of banks

filed his answer, consisting of a general denial, and, as a second defense, alleging that he held the bonds as assignee of Gilbert R. Edgar, a deceased person, and that he occupied the position of a purchaser for value without notice of any defect in the title to said bonds.

A reply in the form of a general denial was filed.

Trial to a jury was waived by the parties, and the matter was submitted to the court, which found, upon the issues joined, in favor of Jennie A. Edgar, executrix of the estate of James E. Edgar, deceased, for the sum of $5399.43.

Each defendant thereupon appealed to this court on questions of law.

It is claimed by the appellants, first, that the plaintiff's claim is barred because she failed to present the claim to the liquidator, in accordance with the provisions of §710-90, GC, et seq.; second, that the plaintiff was incapacitated to testify, because the defendants claim as assignees of a deceased person; and third, that plaintiff's evidence discloses that the defendants are not liable for conversion.

As to the first and second claims urged by the appellants, we are unable to agree with their contentions. As to the third proposition urged by appellants, it is conceded that the case of **First National Bank of New Bremen v Burns, 88 Oh St 434**, is determinative of the question under consideration, but different interpretations of the decision in said case are urged by the respective parties.

A study of the entire record in the instant case leads this court to the conclusion that the finding of the trial judge in reference to the facts, as shown by his finding on file, was justified by the record; or, in any event, that such finding is not manifestly against the weight of the evidence. It is our further conclusion that said trial judge was not in error in his application of the law to the facts presented by this record.

Judgment affirmed in each case.

STEVENS, PJ, WASHBURN, J, and DOYLE J, concur.